IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER JONES,

                                                 OPINION and ORDER

                Plaintiff,

                                                 15-cv-831-bbc

      v.

ANDREA NELSON and JOHN DOE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and prisoner Christopher Jones is proceeding on claims that two prison officials at Columbia Correctional Institution in Portage, Wisconsin, knowingly failed to provide him with needed medical attention, in violation of the Eighth Amendment to the U.S. Constitution. Specifically, plaintiff says that he first complained to a prison psychologist (Dr. Andrea Nelson) that he was "going blind," and was simply told to lie down and left alone. He then complained of dizziness to a correctional officer ("John Doe"), who declined to call a medical professional and instead left plaintiff unattended in an observation cell for several hours. Soon thereafter, plaintiff suffered an apparent diabetic episode, allegedly suffering serious harm and ending up in a coma.

Plaintiff is now seeking permission to amend his complaint, which I am granting. Defendants have asked the court to screen plaintiff's amended complaint, which I will do in this order. They have also moved to stay the deadline for filing dispositive motions related

1

to exhaustion of administrative remedies.  I am denying that motion, but with a caveat as explained below.

OPINION

A.  Procedural History

In this court's Preliminary Pretrial Conference Order, dkt. #13, plaintiff was given a deadline of August 30, 2016 to file an amended complaint identifying the real name of defendant "John Doe."  Plaintiff was also instructed that if he wished to make any other changes to his complaint, he would need to ask the court for permission.  On August 1, 2016, plaintiff filed a motion for leave to amend his complaint, along with a proposed amended complaint and an affidavit in support.  Dkt. ##15-17.  In addition to identifying the "Doe" defendant as correctional officer Br. Neumaier, plaintiff introduced new claims against four new defendants.  Defendant Nelson did not file an opposition brief by the August 15 deadline.  Instead, on September 20, 2016, she filed a motion requesting that the court screen plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A.  Dkt. #19.  On September 21, defendant Neumaier missed his deadline, as set by the court's prior order (dkt. #13), for filing an answer.  Then, on September 23, the deadline for filing a dispositive motion raising exhaustion defenses, defendant Nelson filed a motion to stay that deadline.  Dkt. #20.

B. <u>Plaintiff's Motion for Leave to Amend and Defendants' Motion for Screening</u>

Plaintiff is seeking leave to amend his complaint in three principal ways: (1) to identify defendant "Doe," as directed by the court; (2) to include Eighth Amendment claims against four new defendants; and (3) to bring additional but related medical malpractice claims under Wisconsin state law.

Although defendant Nelson suggests otherwise in her request for a screening order, dkt. #19 at 2, plaintiff has followed the court's instructions and timely named the "Doe" defendant from his original complaint: he identifies this individual as correctional officer Br. Neumaier. Dkt. #15, at ¶9. Plaintiff has also properly sought permission from the court to make other changes to his complaint, as he was instructed to do.

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend a pleading] when justice so requires." I have discretion to deny a proposed amendment for reasons of undue delay, bad faith, undue prejudice to the opposing party or if the amendment would futile. <u>See, e.g.</u>, <u>Soltys v. Costello</u>, 520 F.3d 737, 743 (7th Cir. 2008); <u>Bethany Pharmacal Co. v. QVC, Inc.</u>, 241 F.3d 854, 861 (7th Cir. 2001). By declining to file an opposition brief, defendants have given the court no reason to believe that any of these potentially valid reasons for denying amendment apply here. There has been no undue delay by plaintiff; he filed his proposed amendment nearly a month in advance of the deadline set by the court. Nor is there any reason to suspect bad faith. The remaining factors, undue prejudice to defendants and futility, require further analysis.

Granting plaintiff leave to amend would present no undue prejudice to defendant

3

Nelson, and she has made no such argument, as the proposed amendment would have little effect on her. The important question is whether the new defendants identified in plaintiff's proposed amended complaint would suffer unfair prejudice by being added to the case at the current stage in the proceedings. At this point, I am not persuaded that they would. Because all of the newly named defendants are, like defendant Nelson, employees of the Wisconsin Department of Corrections, they would likely be represented by the same counsel within the state Department of Justice. As noted in more detail below, both new and old allegations concern the same set of facts and same course of events within a four or five day period in July 2010, so allowing amendment should not impose any difficult or burdensome new discovery challenges. Given also that the deadline for filing summary judgment motions is not until February 10, 2017, I believe that the new defendants would have enough time to adequately mount their defense. As of now, I see no reason why the new defendants would face undue prejudice by being added to the case on its current schedule.

Amendment is futile if the complaint, as amended, fails to state a claim upon which relief can be granted. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana, 786 F.3d 510, 524–26 (7th Cir. 2015); General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1085 (7th Cir. 1997). This is the same analysis that I must conduct in order to screen the amended complaint in accordance with 28 U.S.C. § 1915A. I will therefore address both issues together. I note that all of the new allegations concern the same general incident that was the focal point of plaintiff's original complaint, and thus, every issue raised in the proposed amended complaint appears closely linked with the claims that I previously

screened and allowed to proceed. Nevertheless, I will screen all new claims independently. In doing so, I will accept plaintiff's allegations as true and read them in the light most favorable to him. Perez v. Fenoglio, 792 F.3d 768, 774 (7th Cir. 2015).

Plaintiff is a diabetic inmate with known mental health issues who was placed under observation by prison officials on July 7, 2010 after stating that he was feeling depressed and suicidal and requesting medical help. A few days later, on July 11, 2010, Plaintiff was found in his observational cell, comatose and covered in his own vomit, and had to be rushed to the hospital.

The proposed amended complaint introduces new claims against four new defendants: prison psychologist Dr. Baird and correctional officers Millard, Howell and Veiter. Plaintiff says that each of these four officials ignored direct warnings that he was in immediate need of medical care. Specifically, he alleges that on July 8, 2010, Dr. Baird refused to act when told that plaintiff had threatened to strangle himself in his observation cell, and then twice ignored plaintiff's requests for immediate medical attention. Plaintiff further alleges that on July 10 and 11, he made "repeated requests" to officers Millard, Howell and Veiter to be seen by the Health Services Unit because he was feeling ill and having trouble seeing, but that they all "denied that [plaintiff] had any problems and refused to contact HSU." Dkt. #16, at ¶¶ 17-32. These allegations are enough to state a claim that Dr. Baird and officers Millard, Howell and Veiter were deliberately indifferent to plaintiff's serious medical needs. Therefore, under the same analysis and for the same reasons already stated in the court's screening order with respect to Dr. Nelson and "John Doe" (officer Neumaier), dkt. #5 at

3-4, I conclude that plaintiff's Eighth Amendment claims may proceed against all defendants.

Plaintiff also claims that Dr. Baird and Dr. Nelson were negligent in their professional duties and that their failure to properly treat plaintiff was medical malpractice under state law. (There are no state law claims against the other four defendants.) Wisconsin law defines medical malpractice as the failure of a medical professional to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances." Sheahan v. Suliene, 12-cv-433-bbc, 2014 WL 1233700, *9 (W.D. Wis. Mar. 25, 2014) (quoting Sawyer v. Midelfort, 227 Wis. 2d 124, 149, 595 N.W.2d 423, 435 (1999)). To succeed on a medical malpractice claim, plaintiff must prove that defendants breached their duty of care to him and that he suffered an injury as a result. Paul v. Skemp, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 625 N.W.2d 860. Plaintiff's allegations that Dr. Nelson and Dr. Baird failed to timely evaluate and treat him while he was at obvious risk of impending harm are enough to state a medical malpractice claim under state law as well.

Consequently, I also find that plaintiff's proposed amended complaint would not be futile, and the interests of justice weigh in favor of granting plaintiff's motion and allowing him to file his amended complaint.

C. Defendants' Motion to Stay

Defendant Nelson asks the court to stay the deadline for filing a dispositive motion related to exhaustion of administrative remedies until after the court screens the amended

complaint. That deadline was set for September 23, 2016, and she has obviously already missed it. Because plaintiff's amended complaint does not affect defendant Nelson, she had no need for a stay pending its screening (and had more than enough time to prepare a dispositive motion on this issue).

However, most of the defendants have not yet had an opportunity to assert an exhaustion defense. Because the issue of exhaustion is likely to be resolved the same way as to all defendants, it makes sense to set a new deadline for all defendants. To avoid the need to adjust later court deadlines, I will allow defendants to file a summary judgment motion related to exhaustion at or any time before the general deadline for filing all dispositive motions, which is February 10, 2017. Alternatively, defendants are free to file one combined summary judgment motion addressing both exhaustion and the merits. However, if defendants choose to file a separate motion on exhaustion, they should not assume that such a motion will be resolved before February 10, 2017.

ORDER

IT IS ORDERED that

1. Plaintiff Christopher Jones's motion for leave to amend his complaint, dkt. #15, is GRANTED.

2. The Wisconsin Department of Justice may have until October 31, 2016 to inform the court whether it will accept service of plaintiff's amended complaint on behalf of defendants Br. Neumaier, Millard, Howell, Veiter and Baird.

3. If the Department accepts service for defendants Neumaier, Millard, Howell, Veiter and Baird, these defendants may have until November 14, 2016 to file and serve their answers.

4. Defendants' motion for screening of the amended complaint, dkt. #19, is GRANTED.  As noted above, plaintiff is GRANTED leave to proceed on his claim that defendants Neumaier, Millard, Howell, Veiter and Baird violated his Eighth Amendment rights by refusing repeated requests for medical care from July 7-11, 2010.  Plaintiff is also GRANTED leave to proceed on his state medical malpractice claim against defendants Nelson and Baird, arising from the same events during the same time period.

5. Defendants' motion to stay, dkt. #20, is DENIED as moot.  However, any of the defendants are free to file a motion for summary judgment on exhaustion grounds at any time before the February 10, 2017 deadline for all dispositive motions.

Entered this 21st day of October, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge