IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER JONES,

                OPINION AND ORDER

        Plaintiff,

                15-cv-831-bbc

    v.

ANDREA NELSON, LESLIE BAIRD (CHAPIN),
BRIAN NEUMAIER, JEREMIAH MILLARD,
ANDREW HOWELL and JONATHAN VETTER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Prisoner and pro se plaintiff Christopher Jones brought this lawsuit against defendants Brian Neumaier, Jeremiah Millard, Andrew Howell, Jonathan Vetter and Leslie Baird, contending that defendants violated his Eighth Amendment and state rights by failing to provide him adequate medical care. On July 24, 2017, I granted defendant's motion for summary judgment and dismissed plaintiff's claims without prejudice because defendants had proven that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #42. Now before the court is plaintiff's motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, in which he argues that the court erred in rejecting his argument that the grievance system was unavailable to him. Dkt. #44. Because plaintiff's motion lacks merit, I am denying it. Plaintiff has also filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal, dkt. #46, which I will grant.

1

OPINION

A. Motion for Reconsideration

In opposition to defendants' motion for summary judgment, plaintiff argued that one of the reasons that he did not submit a timely inmate complaint relating to his underlying claims in this lawsuit was because the "inmate assistant" assigned to help him after he returned from the hospital told him that "prison staff" had said "not to worry about that, right now, [plaintiff] can handle that complaint stuff after he fully recovers." Jones Decl. ¶16, dkt. #35. I concluded that these vague allegations that prison officials misled plaintiff about his deadline for filing a grievance were not sufficient to create a genuine dispute about whether the grievance process was available. Dkt. #42 at 10. Moreover, even if plaintiff had delayed because of the inmate assistant's statement, the evidence showed that plaintiff was able to file other grievances before he submitted a grievance relevant to his claims in this lawsuit. Id. at 11. Finally, it was undisputed that plaintiff failed to appeal the rejection of the untimely grievance he had ultimately filed, which alone was grounds for dismissal for failure to exhaust his administrative remedies. Id. at 11-12 (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)).

In his motion for reconsideration, plaintiff argues that defendants thwarted his attempts to provide evidence confirming the alleged statement from the inmate assistant. Specifically, plaintiff argues that defendant refused to identify the inmate assistant and failed to provide plaintiff copies of the regulations relating to inmate assistants. Dkt. #44 at 1-2. Defendants respond that they have no record of the inmate assistant and that plaintiff could

have found the regulations on his own.

Plaintiff's discovery-related arguments would not change my conclusion that plaintiff failed to exhaust his administrative remedies before filing suit. Even if plaintiff had produced a declaration from an inmate assistant confirming that the assistant had told plaintiff to wait until he felt better to file a grievance, plaintiff has no evidence justifying the length of his delay or his failure to appeal the rejection of the untimely grievance. In sum, plaintiff has identified no error in the previous decision granting summary judgment to defendants.

## B. Motion for Leave to Proceed In Forma Pauperis on Appeal

A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence, the appeal is taken in bad faith or the litigant is a prisoner and has three strikes. 28 U.S.C. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir. 1998). Plaintiff has established indigence and does not have three strikes. I will not certify that his appeal is taken in bad faith. Therefore, I will grant his motion for leave to proceed in forma pauperis.

Although plaintiff may proceed in forma pauperis, the Prison Litigation Reform Act requires indigent inmates to make an initial partial payment under 28 U.S.C. § 1915(b)(1). From his inmate trust fund account statement, I conclude that plaintiff's initial partial filing fee is $12.38, which is due no later than December 27, 2017. Plaintiff must pay the

3

remainder of the $505 appellate docketing fee in monthly installments under 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that

1. Plaintiff Christopher Jones's motion for reconsideration, dkt. #44, is DENIED.

2. Plaintiff's motion for leave to proceed in forma pauperis on appeal, dkt. #46, is GRANTED. The court certifies that plaintiff's appeal is not taken in bad faith for purposes of Fed. R. App. P. 24(a)(3).

3. No later than December 27, 2017, plaintiff shall submit a check or money order made payable to the clerk of court in the amount of $12.38 as an initial partial payment of the docketing fee for this appeal. If plaintiff does not have the money to make the initial partial appeal payment from his regular account, he may arrange with prison authorities to pay some or all of the assessment from his release account.

4. If, December 27, 2017, plaintiff fails to make his initial partial fee payment as directed, the clerk's office will notify the court of appeals so that it may take whatever action it deems appropriate with respect to this appeal.

Entered this 6th day of December, 2017.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge