IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHRISTOPHER JONES,

                OPINION AND ORDER

        Plaintiff,

                15-cv-831-bbc

    v.

ANDREA NELSON, LESLIE BAIRD (CHAPIN),
BRIAN NEUMAIER, JEREMIAH MILLARD,
ANDREW HOWELL and JONATHAN VETTER,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prisoner and pro se plaintiff Christopher Jones brought this lawsuit against defendants Brian Neumaier, Jeremiah Millard, Andrew Howell, Jonathan Vetter and Leslie Baird, contending that defendants violated his Eighth Amendment and state rights by failing to provide him adequate medical care. On July 24, 2017, I granted defendants' motion for summary judgment and dismissed plaintiff's claims without prejudice because defendants had proven that plaintiff failed to exhaust his administrative remedies before filing suit. Dkt. #42. Plaintiff then filed a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, in which he argued that the court erred in rejecting his argument that the grievance system was unavailable to him. Dkt. #44. I denied that motion on December 6, 2017. Dkt. #52.

Now plaintiff has filed a motion for relief from judgment under Rule 60(b)(2) on the ground that he has newly discovered evidence proving that the grievance system was

1

unavailable to him. Dkt. #55. In particular, plaintiff states that he has located the inmate assistant who was assigned to help him while he was bedridden in 2010. Plaintiff submits a declaration from the inmate assistant, Jerry Curry, in which Curry states that he attempted to obtain an inmate complaint form for plaintiff on August 3, 2010, but was told by an officer that plaintiff should "not worry" about filing a grievance right now and that plaintiff could "handle that complaint stuff after he fully recovers." Jerry Curry Decl., dkt. #56, ¶ 6. Plaintiff argues that Curry's declaration proves that prison officials misled plaintiff about his deadline for filing a grievance, thereby rendering the grievance process unavailable to him.

Plaintiff's new evidence is not sufficient to defeat defendants' argument that plaintiff failed to exhaust his administrative remedies. As I explained previously, even if plaintiff was justified in waiting to submit a grievance until he had recovered, in reliance on what his inmate assistance told him, plaintiff has never explained why he waited until September 27, 2010 to submit the grievance. Although physical incapacity and staff misinformation about a deadline may justify a delay in submitting a grievance, an inmate must still file the grievance "as soon as it [is] reasonable possible for him to do so." Hurst v. Hantke, 634 F.3d 409, 412 (7th Cir. 2011). Here, the evidence at summary judgment showed that plaintiff was sufficiently recovered to submit a grievance about unrelated matters on September 7, 2010, three weeks before he submitted the grievance at issue here.

Moreover, even if plaintiff had good cause to wait until September 27 to file his grievance, he should have presented his reasons to the complaint examiner initially or on appeal. Wisconsin's regulations give complaint examiners discretion to determine whether

2

an untimely filing should be accepted for good cause. Wis. Stat. § DOC 310.09(6)(2010). Thus, the place for making arguments about "good cause" is to the institution, not here. Otherwise, the state's time limit could simply be ignored and an inmate could come straight to federal court. As the Wisconsin Court of Appeals has explained in interpreting § DOC 310.09(6),

> if the inmate believes there are facts constituting 'good cause,' he or she must advise the institution complaint examiner by means of including the asserted facts in the complaint. The failure to reasonably apprise the institution complaint examiner, by means of the complaint itself, of the facts the inmate believes constitute 'good cause' waives the inmate's right to later complain that his or her complaint should have been accepted late for 'good cause.'

State ex rel. Laurich v. Litscher, 2004 WI App 150, ¶ 15, 275 Wis. 2d 769, 778, 686 N.W.2d 668, 672. See also Cannon v. Washington, 418 F.3d 714, 718-19 (7th Cir. 2005) (prisoner fails to exhaust his remedies if he does not take advantage of procedure for reconsidering untimely filings); McCoy v. Gilbert, 270 F.3d 503, 510-511 (7th Cir. 2001) (prisoner did not exhaust administrative remedies because he did not ask for discretionary untimeliness review under federal prison grievance system); Velez v. Kamin, No. 07-C-571, 2008 WL 90071, *3-7 (E.D. Wis. Jan. 2, 2008) (prisoner who never attempted to take advantage of Wisconsin's "good cause" exception to untimely filings failed to exhaust his remedies).

Finally, it is undisputed that plaintiff failed to appeal the rejection of the untimely grievance he ultimately filed, which alone was grounds for dismissal for failure to exhaust his administrative remedies. Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Thus, as I summarized previously, "[e]ven if plaintiff had produced a declaration from an

3

inmate assistant confirming that the assistant had told plaintiff to wait until he felt better to file a grievance, plaintiff has no evidence justifying the length of his delay or his failure to appeal the rejection of the untimely grievance." Dkt. #52 at 3. For all of these reasons, I am denying plaintiff's Rule 60(b)(2) motion.

ORDER

IT IS ORDERED that

1. Plaintiff Christopher Jones's motion for relief from judgment under Fed. R. Civ. P. 60, dkt. #55, is DENIED.

2. The clerk of court is directed to transmit a copy of this order to the Court of Appeals for the Seventh Circuit.

Entered this 25th day of April, 2018.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge